UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                          Chapter 11

COMMUNITY HEALTH SOLUTIONS                          Case No. 8:06-bk-01215-CPM
OF AMERICA, LLC

    Debtor.
_____/

**APPLICATION TO EMPLOY AQMI STRATEGY CORPORATION AS
CRISIS MANAGEMENT CONSULTANT TO THE DEBTOR**

Community Health Solutions of America, LLC (the "Debtor"), as debtor-in-possession and pursuant to 11 U.S.C. §§ 327(a) and 328 and Federal Rule of Bankruptcy Procedure 2014(a), hereby files this application (the "Application") to retain the consulting firm of Aqmi Strategy Corporation ("Aqmi") as its interim crisis management consultants and in support thereof respectfully represents as follows:

1.    This case was commenced by the filing of the Debtor's voluntary petition under Chapter 11 of the Code on March 23, 2006 (the "Petition Date").

2.    In light of Aqmi's experience in the area of crisis and financial management, the Debtor wishes to retain Aqmi to act as its crisis management consultant throughout this Chapter 11 Case. For the reasons set forth herein and in the annexed verified statement, the Debtor believes that it is in the best interest of the estate to employ Aqmi in this capacity.

3.    Aqmi is being retained to provide all of the customary crisis management services required by a debtor-in-possession proceeding under Chapter 11 of the Code. These duties would include, but not be limited to, (1) overseeing the day-to-day management of the Debtor's affairs throughout the Chapter 11 process and assuring compliance with all applicable laws and

regulations (including those pertaining to the Debtor's continued operation as a debtor-in-possession before this Court); (2) reviewing the financial books and records of the Debtor to identify potential causes of action, including causes of action arising under or through the Code, which the Debtor might prosecute for the benefit of its bankruptcy estate and overseeing the prosecution of such causes of action by the Debtor's legal counsel; (3) negotiating the terms of the Debtor's reorganization plan, including the anticipated merger between the Debtor and an operating, non-debtor business; and (4) guiding the Debtor through confirmation and implementation of a reorganization plan. These activities will require the assistance of experienced crisis management consultants such as those affiliated with Aqmi.

4. Aqmi is a crisis management consultant with substantial experience in the turnaround arena.

5. Mr. Robert S. Curry ("Curry") will have primary responsibility for this engagement although he may utilize the services of other members of Aqmi's crisis management team as appropriate.

6. Aqmi has agreed that all of its requests for the payment of fees (based solely upon the current hourly rates of its professionals) and the reimbursement of its actual out-of-pocket expenses must be approved by this Court prior to payment and that Aqmi shall receive no compensation on account of its post-petition services rendered to the Debtor other than as approved by this Court after notice and a hearing based on a written fee application.

7. Curry's normal hourly rate on bankruptcy-related files is two hundred fifty dollars ($250.00) per hour. Aqmi will be paid only after notice and hearing of a written fee application and court approval of that application. Any post-confirmation payments to Aqmi shall be as provided for in the Debtor's confirmed reorganization plan.

8. Upon information and belief, Aqmi does not hold or represent any interest adverse to the bankruptcy estate of the Debtor, except as disclosed in the attached *Verified Statement In Support of Application to Employ Aqmi Strategy Corporation as Crisis Management Consultants for Debtor and Disclosure pursuant to Federal Rules of Bankruptcy Procedure 2014(a)* which is annexed hereto as Exhibit "A" and incorporated herein by reference.

9. As of the date of this Application, neither the Debtor nor Aqmi are aware of any representation by Aqmi of any particular creditor of the Debtor, except as disclosed in the attached verified statement. Similarly, the members and employees of Aqmi do not have any connection with the Debtor, its creditors, or any other parties-in-interest, or their respective attorney, except as set forth in the attached verified statement.

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

(1) authorizing it to employ and retain Aqmi to represent the Debtor as crisis management consultant in this case upon the terms set forth herein; and

(2) granting such other relief as the Court deems appropriate under the circumstances.

Dated: March 24, 2006.

Respectfully submitted,

/s/ Allan C. Watkins
_____
Allan C. Watkins, Esquire
Florida Bar No.: 185104
WATKINS LAW FIRM, P.A.
Tampa Theatre Bldg.
707 N. Franklin St., Suite 750
Tampa, Florida 33602
Phone: (813) 226-2215
Fax: (813) 226-2038
Counsel for Debtor

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by either CM/ECF electronic notice or U.S. Mail to United States Trustee, 501 E. Polk Street, Suite 1200, Tampa, Florida 33602 and Hans Beyer, Esq., Saxon, Gilmore, 201 East Kennedy Boulevard, Suite 600, Tampa, Florida 33602 on March 24, 2006.

      WATKINS LAW FIRM, P.A.

      /s/ Allan C. Watkins

      _____
      Allan C. Watkins, Esquire
      Florida Bar Number: 185104
      707 North Franklin Street, Suite 750
      Tampa, Florida 33602
      (813) 226-2215
      Counsel for Debtor