UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                             Chapter 11

COMMUNITY HEALTH SOLUTIONS                         Case No.
OF AMERICA, LLC

    Debtor.
_____/

**VERTIFIED STATEMENT IN SUPPORT OF APPLICATION TO EMPLOY
AQMI STRATEGY CORPORATION AS CRISIS MANAGEMENT CONSULTANT
TO THE DEBTOR AND DISCLOSURES PURSUANT TO FEDERAL RULES OF
<u>BANKRUPTCY PROCEDURE 2014(a)</u>**

    I, Robert Curry, as Vice President of Aqmi Strategy Corporation, under penalty of perjury pursuant to 28 U.S.C. §1746, and pursuant to §327(a) of the United States Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014(a), hereby make the following verified statements in support of the *Application to Employ Aqmi Strategy Corporation as Crisis Management Consultant to the Debtor* (the "Application") filed contemporaneously herewith:

    1.    My name is Robert Curry. I am a crisis manager with the crisis management firm of Aqmi Strategy Corporation ("Aqmi") and maintain an office at 20 N. Orange Avenue, 14th Floor, Orlando, Florida 32801. I am over the age of eighteen. Since 1996, I have been a professional crisis manager.

    2.    I have a master's degree in taxation from Widener University in Chester, Pennsylvania. I have experience in consulting and management in crisis situations involving businesses of various types. This experience includes numerous engagements working with companies undergoing reorganization under Chapter 11 of the United States Bankruptcy Code.

    3.    To the best of my knowledge, after causing the records of Aqmi to be reviewed by the appropriate personnel, Aqmi does not currently: (a) represent Community Health Solutions of America, LLC (the "Debtor"), (b) represent any equity security holders or insiders of the Debtor;

(c) represent any secured creditors of the Debtor except as disclosed herein; (d) represent any unsecured creditors in this case; or (e) represent any other party in interest that would have interests adverse to the Debtor.

4. Aqmi has previously represented Mirabilis Ventures, Inc., a secured creditor in this case, in other matters not directly related to this case.

5. Neither Aqmi nor any of its individual consultants or employees represent or have represented any director, officer, or employee of the Debtor.

6. The Debtor seeks to retain Aqmi to act as the Debtor's crisis management consultant subject to approval of such employment by the United States Bankruptcy Court for the Middle District of Florida, Tampa Division.

7. Aqmi is not, and has never been, a creditor of the Debtor.

8. The undersigned is not aware of any conflict or potential conflict relating to the employment of Aqmi by the Debtor in this case, except as previously disclosed in paragraph 4 above.

9. Aqmi has no connection with the U.S. Trustee's Office or any person employed by that office.

10. To the best of my knowledge after diligent inquiry, Aqmi has no connection with the Debtor, creditors or any other party in interest (except as set forth herein), or their respective attorneys, accountants or other professionals except that employees of Aqmi may interact with such other professionals in other cases and socially from time to time.

11. To the best of my knowledge after diligent inquiry, Aqmi and I are disinterested persons within the meaning of 11 U.S.C. §101(13), in that (a) none is or ever was a creditor, equity security holder, or an insider of the Debtor; (b) none is or ever was an investment banker for any outstanding security of the Debtor; (c) none is or has been, within three years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the Debtor;

(d) none is or ever was a director, officer or employee of the Debtor or of an investment banker as identified above; and, (e) none has an interest materially adverse to the interest of the estate or of any class of creditors or of the Debtor, by reason of any direct or indirect relationship to, or connection with, or interest in, the Debtor or an investment banker specified in subparagraphs 11(b) and 11(c) hereof, or for any other reason, except as disclosed herein.

12. I am a crisis manager for Aqmi and will have primary responsibility for this case although may utilize the services of other employees at Aqmi as appropriate. Subject always to prior approval from this Court, Aqmi will seek to be compensated on an hourly basis based upon the standard hourly rates of its professionals and paraprofessionals. My normal hourly rate on bankruptcy-related files is $250.00 per hour. Aqmi has agreed to be paid only after notice and hearing and court approval.

13. There are no agreements for the sharing of compensation received or to be received for services rendered by Aqmi in or in connection with the above-captioned case, other than among the members of Aqmi.

14. I verify, under penalty of perjury, that the foregoing information is complete, true, and correct.

Dated: March 23, 2006.

AQMI STRATEGY CORPORATION

ROBERT CURRY, Vice President
Proposed Crisis Manager to Debtor

3