UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Case No. 8:06–bk–01215–CPM
Chapter 11

Community Health Solutions of America, LLC
17755 U.S. Highway 19 North
Ste. 400
Clearwater, FL 33764

_____Debtor(s)_____/

ORDER DENYING MOTION FOR RELIEF FROM STAY

    THIS CASE came on for consideration upon the Court's own motion for the purpose of entering an appropriate order. The Court, having considered the record, finds that Imperial Premium Finance, Inc. has filed a Motion for Relief From Stay, but said Motion is deficient as follows:

☐ The Motion has not been properly served pursuant to Fed. R. Bankr. P. 7004(b)(9) and/or Fed. R. Bankr. P. 9013 upon .

☐ The Motion has not been properly served pursuant to Section 1301 of the Bankruptcy Code and Fed. R. Bankr. P. 7004(b)(1) upon the Co–debtor, .

☑ The Motion has not been properly served pursuant to Fed. R. Bankr. P. 4001(a)(1) on the Local Rule 1007–2 Parties in Interest List using a current mailing matrix obtained from the Clerk in compliance with Local Rule 7005–1(c).

☐ The Motion has not been properly served upon the United States Trustee pursuant to Fed. R. Bankr. P. 9034.

☐ The prescribed filing fee of $150.00, as required by the Bankruptcy Court Fee Schedule issued in accordance with 28 U.S.C. Section 1930 was not paid.

☐ The fee for motions for relief from the automatic stay increased from $75.00 to $150.00 effective November 1, 2003. The movant paid only a $75.00 fee in connection with the filing of this motion. Accordingly, the movant shall pay to the clerk the additional $75.00 with the resubmitted motion and is directed to submit a copy of this order with the payment.

☐ An affidavit of indebtedness or unsworn declaration of indebtedness or a certified copy of a final judgment with regard to the relief sought under Section 362(d)(1) or 362(d)(2) of the Bankruptcy Code was not filed with the Motion.

☐ The case has been dismissed, therefore, pursuant to Section 362(c)(2)(B) of the Bankruptcy Code the automatic stay is no longer in effect.

☐ The debtor(s) have received a discharge and further finds that the trustee has filed a report of no distribution or the subject property has been claimed as exempt without objection. Therefore, pursuant to Section 362(c)(2)(C) of the

Bankruptcy Code, the automatic stay is no longer in effect as to the debtor and the subject property.

☐ The record indicates this is a confirmed Chapter 11 case. Therefore, pursuant to Section 362(c)(3)(C)(i)(III)(bb) of the Bankruptcy Code, the automatic stay is no longer in effect.

Accordingly, it is

ORDERED that the deficiency(ies) as noted above hereby cause this Motion to be denied without prejudice.

DONE AND ORDERED on May 16, 2006 .

*Catherine McEwen*
_____
Catherine Peek McEwen
United States Bankruptcy Judge