**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:

COMMUNITY HEALTH SOLUTIONS
OF AMERICA, LLC,                                    CASE NO. 8:06-bk-01215-CPM
                                                    CHAPTER 11

　　　　　　　Debtor.

_____/

**MOTION TO COMPEL DEPOSITION**
**TESTIMONY AND PRODUCTION OF**
**DOCUMENTS FROM FRANK AMODEO AND/OR FOR**
**OTHER RELIEF, RESPONSE IN OPPOSITION TO MOTION**
**FOR PROTECTIVE ORDER, AND REQUEST FOR EXPEDITED HEARING**

Larry S. Hyman, Chapter 11 Trustee (the "Trustee"), moves on the following grounds for

the order of this Court compelling deposition testimony and the production of documents from

the Frank Amodeo and/or for other relief, his response in opposition to protective order, and

request for expedited hearing in anticipation of a hearing scheduled to occur at on August 7,

2006, and states as follows:

**A.      Background Allegations**

1.      On March 24, 2006, Community Health Solutions of America, LLC, (the

"Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the

"Petition Date").

2.      The Trustee is the duly appointed and acting Chapter 11 Trustee of the estate of

the Debtor, pursuant to an order of the Court dated May 16, 2006, (the "Trustee Order").

3.      The Trustee was appointed by the Office of the United States Trustee (the "U.S.

Trustee") pursuant to the Trustee Order on its date of entry.

4.      On June 5, 2006, the Trustee filed an "Application to Employ John A. Anthony, Esquire as Counsel for Chapter 11 Trustee Nunc Pro Tunc" (the "Application"), seeking to employ GrayRobinson, P.A. (the "Firm"), as counsel for the Trustee.

5.      On June 19, 2006, the Court entered an order approving the Application nunc pro tunc to May 16, 2006 (the "Application Order").

**B.      Allegations Relating to Relief Requested**

6.      On June 19, 2006, Frank Amodeo ("Amodeo") filed an "Objection to Employment of GrayRobinson, P.A., as Counsel for Chapter 11 Trustee Nunc Pro Tunc" (the "Objection").

7.      On June 20, 2006, Amodeo timely filed a "Motion for Reconsideration of Order Approving Application to Employ Counsel for Chapter 11 Trustee" (the "Reconsideration Motion") with an attached affidavit (the "Affidavit").

8.      On July 11, 2006, the Court entered an "Order on Motion for Rehearing or Reconsideration and Scheduling Hearing" (the "Scheduling Order"), scheduling a hearing of the Objection and Reconsideration Motion for August 7, 2006, at 9:30 a.m. (the "Hearing").

9.      On July 17, 2006, Harrison T. Slaughter ("Amodeo's Counsel") filed a "Notice of Appearance" on behalf of Amodeo.

10.     On that same day, Amodeo's Counsel filed an "Affidavit of Frank Amodeo in Opposition to Chapter 11 Trustee's Application to Employ Counsel" (the "Supplemental Affidavit")(the Affidavit and Supplemental Affidavits are collectively referred to as the "Affidavits").

11.     The Supplemental Affidavit alleges that the Firm has a conflict of interest precluding its representation of the Trustee because it represents Amodeo individually as well as corporate entities in which Amodeo has a connection or interest.

12.    On or before July 21, 2006, the Firm initiated communications with Amodeo's Counsel that continued through July 27, 2006 (the "Amodeo Deposition Communications") to coordinate a deposition of Amodeo in advance of the Hearing (the "Amodeo Deposition"). The affidavit of the undersigned counsel's assistant, Cristy Feminella, detailing her personal involvement with the Amodeo Deposition Communications is attached as Exhibit "A" and incorporated by reference.

13.    Amodeo's counsel conditioned his agreement to the Amodeo Deposition occurring on the agreed terms on the Firm's reciprocal agreement to make John A. Anthony ("Anthony") and Tracy A. Marshall ("Marshall") available for depositions on the same day (the "Firm Depositions").

14.    The Firm willingly acceded to the Firm Depositions provided that the Parties agreed that the Amodeo and Firm Depositions would be used in lieu of live testimony in connection with the Objection and Reconsideration Motion.  Amodeo's Counsel agreed to use the Amodeo and Firm Depositions in lieu of live testimony.

15.    During the Amodeo Deposition Communications, Amodeo's Counsel raised no procedural or substantive issues that would preclude the Amodeo Deposition taking place on the date or terms agreed, and indeed gave every appearance of working amicably and cooperatively with the undersigned counsel in a professional manner.

16.    On July 27, 2006, the Parties reached agreement as to the date, times, terms and scope of the Amodeo and Firm Depositions (the "Agreement").  Accordingly, the undersigned counsel drafted and served a notice of deposition (the "Deposition Notice") on Mr. Slaughter on that date by e-mail communication and first class mail and requested that Mr. Slaughter serve reciprocal notices with respect to the Firm Depositions.

17.    The Deposition Notice incorporated the terms agreed to by the Parties.

18.    The undersigned counsel's assistant coordinated the Firm Depositions and in reliance on the Agreement Anthony and Marshall cleared their respective schedules to accommodate the Firm Depositions and adequate preparation time.

19.    On July 31, 2006, Amodeo's Counsel forwarded a letter to Anthony stating that Amodeo would not attend the Amodeo Deposition due to the Firm's purported representation of Amodeo and that the Firm Depositions would need to be scheduled for a later time (the "Amodeo Deposition Letter").

20.    As soon after receipt of the Amodeo Deposition Letter as is practicably possible, the undersigned counsel advised Amodeo's Counsel of the Trustee's intention to go forward with the Amodeo Deposition on the date and terms as had been agreed by the Parties (the "Firm Letter").

21.    Amodeo's Counsel forwarded an e-mail communication in response to the Firm Letter to the undersigned counsel's assistant reiterating his position.

22.    Amodeo's Counsel received a motion for protective order (the "Protective Order Motion") by facsimile after hours on July 31, 2006.

23.    Although the Protective Order Motion was not reflected on the docket, the undersigned counsel contacted the Court on August 1, 2006, prior to the Amodeo Deposition and advised the Court that the Protective Order Motion had been or was being filed and requested an expedited hearing of the Protective Order Motion.

24.    Amodeo did not appear for the Amodeo Deposition. A transcript of the Amodeo Deposition is attached hereto as Exhibit "B" and incorporated by reference.

25.    The docket reflects that the Protective Order Motion was filed by mail and

4

received and docketed by the clerk on August 1, 2006, in the afternoon, well after the time set forth in the Deposition Notice and agreed to by Amodeo's Counsel.

26.    The Protective Order Motion contains no request for emergency relief.

27.    The Protective Order Motion sets forth two bases for its request for relief, neither of which was raised or elucidated during the Amodeo Deposition Communications. Indeed, the conflict identified in the Protective Order Motion was clearly set forth in the Supplemental Affidavit filed by Amodeo's Counsel. Likewise, the procedural issue identified in the Protective Order Motion is not relevant when the deposition has been agreed by the deponent to be conducted on less than ten days notice, as is the case here.

28.    The timing of the Protective Order Motion effectively negates the Firm's ability to defend itself prior to the Hearing from baseless allegations and inferences that raise serious ethical concerns and that undermines the Firm's ability to zealously represent the Trustee. Similarly, the timing of the Protective Order Motion impedes the Court's ability to dispose the Objection and Reconsideration Motion at the Hearing.

29.    The Firm does not now nor has it ever represented Amodeo individually and is contemporaneously filing the Trustee's response to the Objection and Reconsideration Motion and an affidavit from Ms. Marshall in support thereof.

30.    Amodeo filed the Affidavits in support of the relief he has requested in the Objection and Reconsideration Motion and the Firm has the right to examine Amodeo under oath as to the facts he has alleged that the Firm disputes and to examine documents that are relevant to the Objection and Reconsideration Motion. Alternatively, the Affidavits should be stricken and Amodeo should be precluded from the ability to adduce testimony or present evidence in support of the Objection and Reconsideration Motion or the Court should make adverse inferences as to

the testimony or evidence that would be adduced were discovery to occur.

31.    Any delay in the Court's ability to determine the Objection and Reconsideration Motion compromises the Firm's ability to provide services without qualification to the Trustee in connection with his fiduciary duties and wastes the time of the Parties, the Firm and this Court.

WHEREFORE, the Trustee requests that this Court enter an order:

a.    granting this motion;

b.    compelling the testimony of Amodeo;

c.    compelling the production of documents requested by the Trustee in the Notice of Deposition;

d.    overruling all attorney-client privilege objections and other unfounded objections asserted by Amodeo during depositions and document production; or alternatively;

e.    striking the Affidavits and precluding Amodeo from testifying or presenting evidence in support of the Objection or Reconsideration Motion or calling witnesses; or

f.    making adverse inferences on the basis of Amodeo's failure to testify or produce documents; and

f.    providing such other relief as is necessary and appropriate in the circumstances, including assessing attorney's fees and costs.

/s/ Cheryl Thompson_____
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  731013
**CHERYL THOMPSON, ESQUIRE**
Florida Bar Number: 0970931
GrayRobinson, P.A.
Post Office Box 3324
Tampa, Florida  33601
Telephone:  813-273-5066
Telecopier:  813-221-4113
Attorneys for Larry S. Hyman
Chapter 11 Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the "Motion to Compel Deposition Testimony and Production of Documents from Frank Amodeo and/or for other relief, Response to Motion for Protective Order, and Request for Expedited Hearing" has been furnished electronically on this 2nd  day of August, and/or by First Class U.S. Mail on this 3rd day of August, 2006, to:

Community Health Solutions of America, LLC
17755 U.S. Highway 19 North
Suite 400
Clearwater, Florida 33764

Larry S. Hyman
PO Box 18614
Tampa, Florida 33679

United States Trustee
Timberlake Annex
Suite 1200
501 E. Polk Street
Tampa, Florida 33602

Theresa M. Boatner
Denise E. Barnett
Office of the United States Trustee
Timberlake Annex
Suite 1200
Tampa, Florida 33602

Harrison T. Slaughter, Jr.
Leventhal & Slaughter, P.A.
111 N. Orange Ave.,
Suite 700
Orlando, Florida 32801

/s/ Cheryl Thompson
**ATTORNEY**

# 761117 v1/caf