# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:

COMMUNITY HEALTH SOLUTIONS
OF AMERICA, LLC,

CASE NO. 8:06-bk-01215-CPM
CHAPTER 11

        Debtor.

_____/

## AFFIDAVIT OF CRISTY A. FEMINELLA

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

      BEFORE ME, the undersigned authority, personally appeared CRISTY A. FEMINELLA, who, being duly sworn, deposes and says:

      1.   My name is Cristy A. Feminella, and I have been an assistant to Cheryl Thompson ("Thompson") for five (5) months as legal secretary for the firm of GrayRobinson, P.A. (the "Firm") located at 201 N. Franklin Street, Suite 2200, Tampa, Florida 33602.

      2.   I am a material non-party witness in the above styled action (this "Bankruptcy Case").

      3.   I have personal knowledge of the matters set forth herein, all of which are true and correct.

      4.   On July 17, 2006,  Harrison T. Slaughter filed a "Notice of Appearance" on behalf of Frank Amodeo ("Amodeo").

      5.   On that same day, a supplemental "Affidavit of Frank Amodeo in Opposition to Chapter 11 Trustee's Application to Employ Counsel" (the "Application") was also filed.

      6.   On or about July 21, 2006, John A. Anthony ("Anthony") asked me to coordinate times and dates for a deposition of Amodeo (the "Amodeo Deposition") to occur prior to a hearing on August 7, 2006.  I was advised by Mr. Slaughter's assistant that Mr. Slaughter was on vacation until July 24, 2006.

      7.   In connection with the foregoing, I had many conversations with Mr. Slaughter's

1

assistant, Ed, between July 21, 2006, and July 31, 2006, with multiple telephone calls often occurring on the same day to permit Ed or me to communicate with our respective attorney in response to the issues that came up.

8.   During the course of these communications, Ed made representations to me that he had discussed with Mr. Slaughter the issues we were working out and I accordingly concluded that Mr. Slaughter had authorized Ed to represent his agreement to the timing, terms and conditions of the Amodeo Deposition.

9.   On July 26, 2006, Ed and I coordinated the Amodeo Deposition to be conducted on August 1, 2006, at 10:00 a.m. and to be used in lieu of live testimony.

10.   Amodeo's agreement to the foregoing was conditioned on the Firm's reciprocal agreement to make Anthony and Tracy A. Marshall ("Marshall") available for depositions on similar terms on the same day as the Amodeo Deposition.

11.   On July 27, 2006, I assisted Thompson in finalizing a "Notice of Taking Depositions Duces Tecum" (the "Notice ") and forwarding the Notice to Mr. Slaughter's office by e-mail and by U.S. first class mail. I also coordinated Marshall's and Anthony's depositions for the same day at 2:00 p.m. and 4:00 p.m. respectively.

12.   During the course of my communications with Ed, I was never told that the Amodeo Deposition would not or could not take place for any substantive or procedural reason.

13.   On July 31, 2006, I processed a letter from Mr. Slaughter indicating that the Amodeo Deposition would not go forward on the following day.

14.   I assisted Thompson in typing and forwarding a letter to Mr. Slaughter advising him that the Amodeo Deposition would proceed as agreed (the "Letter").

15.   Thereafter, Thompson and I participated in a telephone conference with Ed in which we confirmed the receipt of the Letter and advised that all future communications as to the Amodeo

2

Deposition be in writing.

16. Later that day I received an e-mail communication directed to me from Mr. Slaughter advising that Amodeo would not attend the Amodeo Deposition and a motion for protective order was going to be filed.

17. On July 31, 2006, Mr. Slaughter served a "Motion for Protective Order," (the "Motion"), by facsimile after hours to Thompson.

18. On August 1, 2006, Thompson requested that I confirm that the Motion was filed in advance of the Amodeo Deposition.  In connection with the foregoing, I reviewed the docket in the bankruptcy case at 9:57 a.m. and determined that the Motion had not been docketed

19. At 2:53 p.m., I received an e-mail communication from bnc reflecting that the Motion had been docketed at approximately that time.  The clerk's stamp on the Motion reflects that is was filed by mail.

**FURTHER AFFIANT SAYETH NAUGHT**.

CRISTY A. FEMINELLA

SWORN TO AND SUBSCRIBED before me this _____ day of August, 2006, by Cristy A. Feminella, who is personally known to me or has produced identification: _____, and who did take an oath.

My commission expires:

Notary Public State of Florida
Amanda J Whitley-Matthews
My Commission DD512038
Expires 01/29/2010

Notary Public, State of Florida

_____
Printed Name of Notary

3