# EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE:

COMMUNITY HEALTH SOLUTIONS
OF AMERICA, LLC,

CASE NO. 8:06-bk-01215-CPM
CHAPTER 11

    Debtor.
_____/

### NOTICE OF TAKING DEPOSITION DUCES TECUM

TO:
Harrison T. Slaughter, Jr., Esquire
Leventhal & Slaughter
111 N. Orange Ave
Suite 700
Orlando, Florida 32801

John A. Anthony, Esquire
GrayRobinson, P.A.
201 N. Franklin Street
Suite 2200
Tampa, Florida 33602

PLEASE TAKE NOTICE that Larry S. Hyman, Chapter 11 trustee, (the "Trustee"), through undersigned counsel, will take the deposition duces tecum, upon oral examination of the person named below, at the time, on the date, at the hour, at the place indicated, and from day to day until completed, and requests the deponent to bring the documents identified in the document request attached hereto as Exhibit "A." The parties have agreed that the depositions of John A. Anthony and Tracy A. Marshall can be conducted following Frank Amodeo's deposition, provided that the deposition transcripts shall be used in lieu of live testimony and that each party shall be responsible for the costs of the court reporter for their respective deposition(s).

| **DEPONENT:** | **TIME AND DATE:** | **PLACE:** |
|---|---|---|
| Frank Amodeo | August 1, 2006<br>10:00 a.m. | GrayRobinson, P.A.<br>301 E. Pine Street, Ste 1400<br>Orlando, Florida 32801 |

2

This deposition will take place before a person authorized by law to take depositions, who is not of counsel to either parties, or interested in the event of the cause. The deposition is being taken for the purpose of obtaining testimony for use at the hearing of the "Objection to Employ GrayRobinson, P.A. as Counsel for Chapter 11 Trustee Nunc Pro Tunc" and the "Motion for Reconsideration of Order Approving Application to Employ Counsel for Chapter 11 Trustee," and for such other purposes as are permitted under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and other applicable law.

                                                _____
                                                JOHN A. ANTHONY, ESQUIRE
                                                Florida Bar No. 0731013
                                                **CHERYL THOMPSON, ESQUIRE**
                                                Florida Bar No. 0970931
                                                Gray Robinson, P.A.
                                                Post Office Box 3324
                                                Tampa, FL 33601
                                                Telephone: 819-273-5076
                                                Telecopier: 813-221-4113
                                                Attorneys for Larry S. Hyman, Chapter 11 Trustee.

cc:    Esquire Deposition Services via facsimile (407) 426-7676

# 750396 v1/caf

# EXHIBIT "A"

I. **Definitions:**

For purposes of producing the following documents, each deponent should utilize the defined terms referenced below:

1. The term "Objection" shall refer to the "Objection to Employ GrayRobinson, P.A. as Counsel for Chapter 11 Trustee Nunc Pro Tunc."

2. The term "Motion" shall refer to the "Motion for Reconsideration of Order Approving Application to Employ Counsel for Chapter 11 Trustee."

3. The terms "document" or "documents" shall mean the original (or, if the original is not available, a copy) of any and all information and documentation in tangible or other form, and shall include, without limiting the generality of the foregoing, all letters, correspondence, contracts, agreements, memoranda, mechanical or electronic recordings, and all information so stored or transcripts of such recordings, calendar and diary entries, and memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, quotations, offers, inquiries, bulletins, summaries, newsletters, compilations, maps, charts, graphs, photographs, pictures, film, videotapes, microfilm, propositions, articles, announcements, newspaper clippings, books, books of accounts, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, invoices, statements, loan documents, security documents, perfection documents, documents evidencing or effectuating transfer, appraisals, estimates, and any other tangible things upon which any handwriting, typing, printing, drawings, representation, photostatic or other copies, magnetic or electrical impulses, or other form of communication, is recorded, produced, including audio and video recording, computer stored information, whether or not in printout form, and all drafts and copies of documents hereinbefore

produced, including audio and video recording, computer stored information, whether or not in printout form, and all drafts and copies of documents hereinbefore defined by whatever means made. If multiple copies of a document exist, each copy which is in any way not completely identical to a copy which is being produced or identified as a privileged document shall also be produced or so identified. This term shall also encompass all documents clipped, stapled, or otherwise attached to any of the foregoing. If a copy is produced in lieu of an original, you are to provide a written explanation of why each original was not produced.

4. The term "identify,"

(a) when used in reference to any individual person, means to state that individual's full name, present address, present employer, and occupation;

(b) when used in reference to a person other than an individual person, means to state the legal nature of that person (e.g. a corporation, partnership, trust, estate, association, company), and to state its full name, address, and principal place of business;

(c) when used in reference to a document (or documents), means to state the document's author, signatory, addressee, title, date, and page length; and

(d) when used in reference to a place, means to state the full address, if known or otherwise applicable, or as accurate of a description of the location or locations as is possible.

5. The term "communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

2

6. To the extent that the deponent being served with this Notice is unable to comply fully with any of the categories listed herein, he must set forth in detail the reasons why he cannot do so. To the extent that the deponent considers any of the categories of documents listed herein to be objectionable, the deponent must respond to so many categories herein, or each part thereof, as are not objectionable in her view. The deponent must then separately identify each such objectionable category listed herein, or each part thereof, as he believes to be objectionable and state the grounds upon which he bases such objection.

7. The repetition of definitions or instructions herein is intended to assist the deponent in responding to and complying with this Notice; however, such repetition shall in no way limit the application of the definitions herein.

8. Any defined term contained herein may be used, when applicable, in its possessive or plural form as reasonable applicable.

9. Each and every document produced pursuant to this Notice shall be produced in its entirety. For example, the front and back side of every document must be produced unless such side or sides are completely blank. As additional example, correspondence that consists of a letter and accompanying enclosures, exhibits, or attachments must include (in addition to the letter) any and all such enclosures, exhibits, or attachments (including their own enclosures, exhibits or attachments).

10. All documents to be produced in response to (and in compliance with) this Notice are documents generated (or relating to events or circumstances as they are or were) at any time during the four (4) years immediately preceding the date of service of this Notice (the "Discovery Term").

3

## II. Categories of Documents:

11. All documents relating to the allegations set forth in the Objection and the Motion or that may be used to support or oppose the relief requested therein.

4