# EXHIBIT  2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

COMMUNITY HEALTH SOLUTIONS
OF AMERICA, LLC,

CASE NO. 8:06-bk-01215-CPM
CHAPTER 11

Debtor.

_____/

## APPLICATION TO EMPLOY COUNSEL
## FOR CHAPTER 11 TRUSTEE NUNC PRO TUNC

Larry S. Hyman, the Chapter 11 Trustee (the "Trustee") of Community Health Solutions of America, LLC (the "Debtor"), respectfully requests the order of this Court authorizing the employment of John A. Anthony, Esquire, and the law firm of GrayRobinson, P.A, (the "Firm") to represent him in the above-captioned bankruptcy case (the "Bankruptcy Case"), nunc pro tunc to May 16, 2006, and states in support as follows:

1.      On March 24, 2006, the Debtor filed its voluntary Petition for protection from creditors pursuant to Chapter 11 of the Bankruptcy Code, thereby initiating the Bankruptcy Case.

2.      On May 16, 2006, the Court approved the appointment of a Chapter 11 trustee of the Debtor; and later that day, the office of the United States Trustee appointed the Trustee for the same.

3.      The Trustee desires to employ John A. Anthony, Esquire, the Firm, and its attorneys, who are duly qualified to practice before this Court in the Bankruptcy Case.

4.      The Trustee has selected these attorneys for the reason that they have had considerable experience in matters of this character, and the Trustee believes them to be well qualified to represent him in the Bankruptcy Case, and to advise him on his relations with, and

responsibilities to, the Debtor's creditors and other interested parties.

5.      The professional services which these attorneys are to render are the general representation of the Trustee in the Bankruptcy Case and the performance of all legal services for the Trustee which may be necessary therein. Such services are summarized as follows:

     (a)      to give advice to the Trustee with respect to his powers and duties as a Chapter 11 trustee, and the continued management or liquidation of the Debtor's business operations;

     (b)      to advise the Trustee with respect to his responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements, and with the rules of this Court;

     (c)      to prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the Bankruptcy Case;

     (d)      to protect the interests of the Trustee in all matters pending before this Court; and;

     (e)      to represent the Trustee in negotiation with the Debtor's creditors in the preparation and filing of a plan.

6.      The Trustee wishes to employ said attorneys under a general retainer because of the extensive legal services which the Trustee anticipates will be required.

7.      To the best of the Trustee's knowledge, said attorneys have no connection with the Trustee, the Debtor, the creditors, any other party in interest or their respective attorneys or

accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except that the Firm has represented and represents the Trustee in other matters, the Trustee has provided and provides services to the Firm in other matters, and the Firm has provided services in unrelated matters that involve Frank Amodeo ("Amodeo") or entities in which Amodeo has an ownership interest.

8.      To the best of the Trustee's knowledge, said attorneys have no interest adverse to the Trustee or the Debtor in any of the matters upon which they are to be engaged, and their employment would be in the best interests of this estate. Attached hereto as Exhibit "A" is the affidavit of John A. Anthony, Esquire, attesting to the fact that said attorneys are disinterested as required by Bankruptcy Code § 327(a) and Federal Rule of Bankruptcy Procedure Rule 2014.

WHEREFORE, the Trustee respectfully requests the order of this Court authorizing the retention of John A. Anthony, Esquire, the law firm of GrayRobinson, P.A., and its attorneys, as the Trustee's attorneys, under a general retainer, nunc pro tunc to May 16, 2006, and for such other and further relief as is necessary and appropriate.

Dated: June 5, 2006

COMMUNITY HEALTH SOLUTIONS OF
AMERICA, LLC,

BY_____
LARRY S. HYMAN, Chapter 11 Trustee
106 S. Tampania Ave., Suite 200
Tampa, FL 33609

-3-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic means on this 5th day of June, 2006, and/or by First Class U.S. mail on this 6th day of June, 2006, to the following:

Community Health Solutions of America, LLC
17755 U.S. Highway 19 North
Suite 400
Clearwater, FL 33764

Theresa M. Boatner, Esquire
Office of the United States Trustee
501 East Polk Street
Suite 1200
Tampa, Florida 33602

Denise E. Barnett
United States Trustee
501 East Polk Street, Suite 1200
Tampa, FL 33602

Larry Hyman
106 S. Tampania Drive, Ste. 200
Tampa, Florida 33609

Allan C. Watkins
Watkins Law Firm, PA
707 N. Franklin Street, Suite 750
Tampa, FL 33602

John Anthony, Esquire
201 N. Franklin St., Ste. 2200
Tampa, Florida 33602

L.R. 1007 Parties in Interest Creditors Matrix

/s/ Cheryl Thompson
**ATTORNEY**

- 4 -

# 749703/caf

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

COMMUNITY HEALTH SOLUTIONS
OF AMERICA, LLC,                          CASE NO. 8:06-bk-01215-CPM
                                          CHAPTER 11

        Debtor.
_____/

## AFFIDAVIT IN SUPPORT OF APPLICATION
## TO EMPLOY COUNSEL FOR CHAPTER 11 TRUSTEE

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

     BEFORE ME, the undersigned authority, personally appeared JOHN A. ANTHONY, who,

being duly sworn, deposes and says:

     1.     I am John A. Anthony. I am a shareholder with the law firm of GrayRobinson, P.A.

(the "Firm"), which maintains offices for the practice of law at 201 N. Franklin Street, Suite 2200,

Tampa, Florida 33602. I am a member of the bar of the United States District Court for the Middle

District of Florida. The Firm and I represent Larry Hyman, the Chapter 11 Trustee in the above-

captioned Chapter 11 bankruptcy case (the "Applicant"). I am the attorney at the Firm who is

primarily responsible for the representation of the Applicant in this case. This affidavit is submitted

in support of the application of the Applicant in the above-captioned case for an order authorizing

the employment and retention of the Firm as counsel for the Applicant. I make this affidavit in

compliance with the provisions of Bankruptcy Code §§ 327(a) and 329(a) and the Federal Rules of

Bankruptcy Procedure 2014(a) and 2016(b).

     2.     Unless otherwise stated, this affidavit is based upon facts of which I have personal

1

knowledge.

3.    No attorney in the Firm is or has served as an officer, director, or employee of the Debtor.

4.    To the best of my knowledge, the shareholders and associates of the Firm are disinterested as that term is defined in the Bankruptcy Code in that they are not creditors, equity security holders, or insiders of the Debtor, are not and have not been an investment banker for any outstanding security of the Debtor, or attorneys for such an investment banker in connection with the offer, sale or issuance of a security of the Debtor, are not and have not been within two (2) years before the date of the commencement of the Debtor's reorganization cases, a director, officer, or employee of the Debtor or of an investment banker for any outstanding security of the Debtor, and do not have interests adverse to the interests of this estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Applicant, the Debtor or an investment banker for any outstanding security of the Debtor. The Firm has represented the Applicant in other unrelated cases and proceedings.

5.    The Firm has periodically represented the Applicant for a period of approximately twelve (12) years beginning with its representation of the Applicant in the receivership of B.C.C.P.H., Inc. The Applicant has also periodically provided service to the Firm in an expert capacity.

6.    The Firm is presently representing the Applicant in the following matters:

    a.    In re Roger W. Harloff Case No. 8:98-bk-05120-ALP (the "Harloff Case"), filed in the United States Bankruptcy Court for the Middle District, Tampa Division. The Firm represented the Applicant as disbursing agent in the Harloff Case. There is presently pending an

appeal in the district court, styled as <u>Schulte Roth & Zabel, LLP, Appellant v. Larry S. Hyman,</u> <u>Appellee</u> Case No. 8:02-cv-45-T-17TBM (the "Harloff Appeal"). The Harloff Appeal concerns the appeal of a judgment entered in favor of the Applicant in the adversary proceeding, styled as <u>Larry S.</u> <u>Hyman, Disbursing Agent v. Schulte Roth & Zabel, LLP (In re Roger W. Harloff)</u> Adv. Proc. 99-592-ALP.

        b.    <u>In re Financial Software Services., Inc.</u> Case No. 8:03-bk-13920-MGW (the "Financial Software Case") filed in the United States Bankruptcy Court for the Middle District, Tampa Division. The Firm represents the Applicant as disbursing agent in an adversary proceeding, filed in the Financial Software Case styled as <u>Larry S. Hyman for Benefits of Creditors for Indigo</u> <u>Investment Services v. Financial Software Services, Inc.</u>, Case No. 8:03-bk-00418-MGW.

        c.    <u>In re Bevsystems International, Inc.</u>, Case No. 8:04-bk-06248-KRM filed in ("Bevsystems, Inc.") and <u>In re Bevsystems International, Ltd.</u> ("Bevsystems Ltd.") Case No. 8:04-bk-11900-KRM filed United States Middle District, Tampa Division. The Firm represented the Applicant as Chapter 11 Trustee through confirmation on April 20, 2006. The Firm continues to represent the Applicant post – confirmation as creditor trustee of a creditor trust

7.    Michael Moecker & Associates P.A., in which the Applicant is a joint venture partner, is currently providing services to the Firm in the <u>In re Carolyn Stash</u> Case No. 05-25322-JKO in the Southern District, Fort Lauderdale Division in connection with the liquidation of Merrill Lynch's collateral.

8.    Notwithstanding the Firm's representation of the Applicant, the Applicant filed suit against the Firm in his fiduciary capacity as disbursing agent in <u>Larry S. Hyman v. GrayRobinson,</u> <u>P.A. (In re Electric Machinery Enterprises, Inc.)</u> Adv. Proc. No. 05-00367-MGW (the

3

"GrayRobinson Proceeding") filed in the Middle District of Florida, Tampa Division. The GrayRobinson Proceeding has been settled.

9.    To the best of the Applicant's knowledge, said attorneys have no connection with the Applicant, the Debtor, the creditors, any other party in interest or their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as disclosed herein.

10.    The Firm has represented clients in unrelated matters that involve Frank Amodeo ("Amodeo") or entities in which Amodeo has an ownership interest. These matters are summarized as follows:

a.    The Firm represented Visible Dimensions, Inc. in 2001. After the representation was concluded, Visible Dimension, Inc. was acquired by Signature Graphics, Inc., an entity controlled by Amodeo.

b.    In re Atlas Welding Co., Case No.04-01361-3F1 ("Atlas Case") filed in the United States Bankruptcy Court for the Middle District, Orlando Division, and subsequently transferred to the United States Bankruptcy Court for the Middle District, Jacksonville Division. In the context of the Atlas Case, together with a related lawsuit against the guarantors for the underlying loan of Atlas (the "Atlas State Litigation"), the Firm has attempted to collect a $600,000 line of credit due from the debtor to Merrill Lynch Business Financial Services, Inc. ("Merrill Lynch"). Although Merrill Lynch has not asserted any claims against Amodeo in this context, Merrill Lynch has been informed by the debtor, and the Atlas guarantors that Amodeo conducted a scheme to defraud them and creditors of Atlas. Merrill Lynch does not contemplate asserting any claims against Amodeo. The Firm also provided services to Matrix Network, Inc. ("Matrix"), a

4

consultant to Atlas Welding, Inc. by filing a proof of unsecured claim in the Atlas Case. The disclosure statement filed in the Atlas Case represented that Matrix was affiliated with Amodeo, however, the principals of Matrix confirmed to the Firm that Amodeo had no ownership interest with Matrix.

        c.    In re Smith International Enterprises, Inc. a/k/a Ameriplast, Case No.02-04459-3J1 (the "Smith Case") filed in the United States Bankruptcy Court for the Middle District, Orlando Division. In the context of the Smith Case, Merrill Lynch filed a related lawsuit against Amodeo and others asserting fraud styled as Merrill Lynch Business Financial Services, Inc., v. Frank L. Amodeo and James Sadrianna Case No. 02-61191-CIV-HUCK/Turnoff ("Smith International State Case"). Merrill Lynch subsequently settled the Smith International State Case.

    11.    This Firm has also represented Tenshi Enterprises Inc. ("Tenshi") from April 12, 2006 through the present. Amodeo either controls and/or holds an ownership interest in Tenshi. Tenshi has no relationship with Mirabilis, Inc.

    12.    The foregoing disclosures are being made in an abundance of caution, however, the current relationship between the Applicant and the Firm in unrelated matters and the involvement of Amodeo in matters unrelated to this case will not have an adverse effect on the Firm's ability to provide services to the Applicant in the bankruptcy case and related proceedings.

    13.    Indeed, a diligent investigation of the Firm's conflict records shows no potential overlap between creditors of the Debtor and the Firm's current or former clients.

    14.    The terms of the employment of the Firm to which the Applicant has agreed, subject to the approval of the Court, are that certain attorneys and legal assistants within the firm will undertake this representation at their respective base time rates. The rates of those attorneys expect to work on

5

this matter range from $185 per hour to $295 per hour; the hourly rate for paralegals is $70.00 per hour. The hourly rates of those attorneys who will be most involved in this case are as follows: John A. Anthony, $295; John Van Voris $265; Stephenie M. Biernacki, $205; Scott R. Lilly, $205; Cheryl Thompson, $185. The Firm periodically adjusts the billing rate of its lawyers and legal assistants to reflect the augmentation of their ability, experience, and reputation, and to account for economic facts. The Firm anticipates that it will incrementally increase the rates of one or more attorneys connected with this representation during the next several weeks.

15.    It is anticipated that various attorneys of the Firm will be called upon to assist in the representation of the Applicant. The foregoing hourly rates and the hourly rates of other attorneys and the legal assistants in the firm are subject to periodic adjustments to reflect economic and other conditions and the increased experience and expertise of such attorneys and paralegals. The Firm will notify the Court in its fee applications of any such changes.

16.    Prior to the commencement of this Application, the Firm received no retainer or compensation for services performed in connection with this representation. It is contemplated that the Firm will seek the Court's approval of interim fee applications during the pendency of this representation.

17.    The Firm is willing to be retained by the Applicant on the terms set forth herein and will make appropriate periodic application to the Court for compensation and reimbursement of out-of-pocket expenses, all in accordance with the Court's orders, the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

18.    Pursuant to Federal Rule of Bankruptcy Procedure 5002, I represent that to the best of my knowledge, neither I, nor any person with whom I am associated in the practice of law is a

6

relative by blood or marriage to any Bankruptcy judge of the Middle District of Florida.

19.     No promises have been made to or received by the Firm as to payment or compensation in connection with the above-captioned bankruptcy case and in accordance with the provisions of the Bankruptcy Code other than as set forth herein.

20.     The foregoing constitutes the statements of the affiant pursuant to Federal Rules of Bankruptcy Procedure 2014 and 2016(b) and Bankruptcy Code §§ 329 and 504.

21.     Based on the foregoing, the affiant submits that the Firm, its members, associates and counsel are "disinterested persons" within the meaning of Bankruptcy Code § 101(14), as modified by Bankruptcy Code § 1107(b).

22.     On behalf of the Firm, the affiant requests that the Court require any party in interest who questions the Firm's disinterestedness to raise that issue within thirty (30) days of the date of the order approving the Firm's retention or be forever barred from doing so on any grounds other than the Firm's failure to disclose material information herein.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
JOHN A. ANTHONY

    SWORN TO AND SUBSCRIBED before me this ____ day of June, 2006, by John A. Anthony, who is personally known to me or has produced identification: _____ and who did take an oath.

My commission expires:


Notary Public State of Florida
Amanda J Whitley-Matthews
My Commission DD512038
Expires 01/29/2010

_____
Notary Public, State of Florida

Amanda Whitley-Matthews
Printed Name of Notary

7

# 749704 v1/caf