# EXHIBIT  3

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:

COMMUNITY HEALTH SOLUTIONS
OF AMERICA, LLC,

CASE NO. 8:06-bk-01215-CPM
CHAPTER 11

Debtor.

_____/

## OBJECTION TO EMPLOYMENT OF GRAYROBINSON, P.A. AS COUNSEL FOR CHAPTER 11 TRUSTEE NUNC PRO TUNC

**COMES NOW**, Frank L. Amodeo and files this Objection to Employment of GrayRobinson, P.A. as Counsel for Chapter 11 Trustee Nunc Pro Tunc and states as follows:

1.      The Application fails to disclose the following facts:

    A. That GrayRobinson, P.A. is and has been counsel for Movant and Movant's companies including Presidion Solutions, Inc. (Master Leaseholder of the Debtor), and Tenshi Enterprises, Inc., as well as the Sunshine Companies.

    B. The Debtor has failed to pay rent for the Debtor's space to Presidion Solutions, Inc. both pre and post petition.

    C. That the Debtor has also failed to pay for the use of personal property leased to Debtor by Tenshi Enterprises, Inc. both pre and post petition.

    D. That the Debtor has failed to make any payment or payment arrangements towards any of these obligations.

2.      As a result of the foregoing, GrayRobinson, P.A. represents and is in possession of confidential and privileged information belonging to two continuing creditors of the estate. Further, it would be impossible for GrayRobinson, P.A. to represent both the best interests of the Estate and the creditors, as those positions are diametrically opposed, and must therefore not

represent either party. (See Florida Bar Rules of Professional Conduct 4-1.7(a): " ... a lawyer shall not represent a client if: (1) the representation of 1 client will be directly adverse to another client; or (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.")

3.      In addition, the specific employment of John Anthony, Esq. raises concerns because of counsel's actions in a prior case. Movant's Affidavit dated August 25, 2004 is attached as Exhibit "A" and incorporated by reference herein, and Debtor's Comment on the Examiner's Motion to Surcharge Merrill Lynch from Case No. 02-04459-6J7 of the Orlando Division of this Court, is attached hereto as Exhibit "B" and incorporated by reference herein.

4.      Mr. Anthony's prior conduct seems to be a pattern being repeated in the current case by his false and defamatory statements concerning Brian Fischer, Esq. made on or about May 26, 2006.

5.      A multitude of competent counsel exist who are able to represent the estate, and who do not have insurmountable conflicts with the estate or claimants of the estate.

Frank L. Amodeo, Pro Se
2875 S. Orange Ave.
Ste. 500, PMB 1810
Orlando, Florida 32806
(407) 454-5101

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of this Objection to Employment of GrayRobinson, P.A. as Counsel for Chapter 11 Trustee Nunc Pro Tunc were sent to Larry S. Hyman, P.O. Box 18614, Tampa, FL 33604, Allan C. Watkins, Esq., 707 North Franklin Street, Suite 750, Tampa, Florida 33602, Thomas Lash Esq., Saxon, Gilmore, 201 East Kennedy Blvd., Suite 600, Tampa, Florida 33602, and Theresa M. Boatner, Office of the United States Trustee, Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, FL 33602-3949 on June 14, 2006.

Frank L. Amodeo, Pro Se

## AFFIDAVIT OF FRANK AMODEO

STATE OF FLORIDA
COUNTY OF ORANGE

Frank Amodeo, being first duly sworn, deposes and states:

1. Mr. John Anthony told Mr. Bart Houston in August 2002 that I was responsible for misappropriating $2,500,000 in account receivables.

2. Mr. John Anthony told Mr. Richard Lee Barrett, on or about October 18, 2002, that I was responsible for misappropriating $2,500,000 in account receivables.

3. On August 22, 2002, Mr. John Anthony referred to me, a non party, as fraudulent principal.

4. On August 22, 2002 Mr. John Anthony told Peter Hill that Mr. Anthony had proof of this conduct.

5. On four occasions, Mr. John Anthony chose to use evasive responses or evade discovery altogether.

6. Repeatedly during litigation, Mr. John Anthony served me at an incorrect address in an attempt to hinder my defense.

7. In December 2002, Mr. John Anthony set up a telephone conference for Judge Huck, then appeared in person knowing that since he was the initiator of the conference call, if he were not on the telephone, I could not participate-a thinly veiled attempt to make it appear that I was showing disrespect for the Court.

8. In the bankruptcy court Mr. John Anthony attempted to deceive the judge into including language in an order that was not present in the security agreements.

9. In open court, Christine Hoke told the court that I took $1,600,0000 of inventory, and this was what she was led to believe by attorneys more familiar with the case.

Exhibit "A"

10.   A client of Jules Cohen recounted a story (paraphrased) consistent with paragraph 13 of Mr. John Anthony's response to Kapila's Motion to Surcharge. This response now appears to have been disseminated by another of Mr. Anthony's partners. (That Mr. John Anthony stopped Merrill litigation only because he did not believe that Mr. Amodeo, Sr. could pay. It is appalling that Mr. Anthony would try to extort money from my father to pay any obligation. Of course, I believe this is a ruse for the benefit of Mr. Anthony's partners and clients to cover up Mr. Anthony's misjudgment in proceeding without a reasonable investigation).

11.   Mr. John Anthony filed a false UCC document regarding Signature Graphics, Inc.

FURTHER affiant sayeth not., this the _25_ day of August, 2004.

_____
FRANK L. AMODEO

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing was acknowledged before me this _25th_ day of _August_____, 2004 by FRANK L. AMODEO, who is personally known to me or who has produced _____ as identification and who did take an oath, and deposes and says that the matters and things contained therein are true and correct.

_____
Print: _Deborah M. Eifert_
Notary Public, State of Florida
My Commission Expires: _____
My Commission No. _____

Deborah M Eifert
My Commission DD024902
Expires July 17 2005

RECEIVED

JUN 0 1 2004

CLERK U S BANKRUPTCY
ORLANDO, FL

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

SMITH INTERNATIONAL ENTERPRISES, INC.,
A/K/A AMERIPLAST,

Case No. 02-04459-6J7
Chapter 7

　　　　Debtor.
_____/

### DEBTOR'S COMMENT
### ON THE EXAMINER'S MOTION
### TO SURCHARGE MERRILL LYNCH

Comes Now Frank L. Amodeo, President of the Debtor, and files the Debtor's comment concerning the Motion of the Examiner to have Merrill Lynch surcharged for the Examiner's fees.

Merrill Lynch, or possibly Merrill's counsel, perpetrated a scheme upon the Court and the estate of Smith International Enterprises, Inc., that resulted in significant cost to the various parties, including the Examiner.

The core issues fabricated by Merrill's counsel were subject to discovery in the District Court case of Merrill Lynch v. Frank Amodeo et. al.

Contrary to Merrill's contention in paragraph 13 of Merrill's response to the Motion of the Examiner, the District Court case was dismissed with prejudice just before Amodeo's expert witness, Laurie Holtz, CPA, of Rachlin, Cohen & Holtz, LLP, was preparing to testify. (One Southeast Third Ave., 10th Floor, Miami, FL 33131, (305) 377-4228)

The expert's testimony would show that Merrill lacked any basis for Merrill's claim in the District Court action and additional Merrill interference in the reorganization of the Debtor.

Particularly noteworthy, Merrill, through counsel, represented on multiple occasions to have evidence of fraud or other improper conduct. Merrill never presented this in any discovery, either in the bankruptcy case or the District Court case. (The District Court dismissal was also timed in order to avoid a contempt action for failure to comply with both federal discovery rules and the judge's order)

If Merrill had conducted even a modicum of due diligence, Merrill would have known that the Examiner's efforts would not have been necessary. Merrill proceeded on

1  Exhibit "B"

assertions of Merrill's counsel, John Anthony, which were created without any basis in evidence or fact.

These claims, generated from Mr. Anthony's imagination, included the existence of millions of dollars of missing assets, which not only never existed but could not have existed.

The purpose behind these actions was masked until recently, when the client of a colleague of Mr. Anthony reported a conversation between the colleague and Mr. Anthony. The perception of the client of the conversation between the client's attorney and Mr. Anthony was that the purpose of the Merrill bankruptcy activity and the District Court action was designed to extract (in a quasi-extortion type of process) money from Frank L. Amodeo's father.

This motive appears consistent with the numerous misrepresentations and questionable tactics utilized by Merrill in both the Smith bankruptcy and the District Court action.

Charging Merrill with some of the expenses of this action would be an appropriate remedy to prevent future conduct that would similarly damage bankruptcy estates and parties to such actions.

In separate proceedings against Merrill's counsel, appropriate penalties should be imposed to prevent counsel's future inappropriate conduct; furthermore, Merrill should be charged with the costs resulting from Merrill's efforts in this case, which could have been avoided by more reasonable conduct and investigation.

Therefore, the Debtor supports the action of the Examiner, suggests the Court surcharge Merrill Lynch and such other relief as the court deems fair and equitable.

Frank L. Amodeo, President
Smith International Enterprises, Inc.
2875 S. Orange Ave., Suite 500
PMB 1810
Orlando, Florida 32806

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 1ˢᵗ day of June, 2004, that a true and correct copy of the foregoing response was furnished via U.S. Mail to the following:

Frank L. Amodeo
2875 S. Orange Avenue, Suite 500
PMB 1810
Orlando, FL 32806

Peter N. Hill, Esq.
Wolff, Hill, McFarlin & Herron, P.A.
1851 West Colonial Drive
Orlando, FL 32804

Jim C. Orr
United States Trustee
P.O. Box 780519
Orlando, FL 32878-0519

Elizabeth S. Green, Esq.
Gronek & Latham, LLP
390 North Orange Avenue, Suite 600
Orlando, FL 32801

John H. Meninger, II, Esq.
P.O. Box 1946
Orlando, FL 32802

Daniel S. Mandel, Esq.
2101 Corporate Blvd.
Suite 300
Boca Raton, FL 33431

Phil D' Aniello, Esq.
Broad and Cassel
390 N. Orange Avenue, Suite 1100
Orlando, FL 32802-4961

Patrick W. Skelton, Esq.
P.O. Box 1288
Tampa, FL 33601

Jason Ward Johnson, Esq.
P.O. Box 231
Orlando, FL 32801

Charles L. Filardi, Jr.
30 Jelliff Lane
Southport, CT 06890-1436

Gordon L. Keister
Florida Department of Revenue
P.O. Box 2299
Mango, FL 33550-2299

United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32801

Alan J. Perlman
Fowler, White, Burnett
Hurley, Banick & Strickroot, P.A.
NationsBank Tower
100 S.E. 2ⁿᵈ Street, 17ᵗʰ Floor
Miami, FL 33131

James E. Foster, Esq.
Akerman, Senterfitt & Edison, P.A.
Citrus Center, 10ᵗʰ Floor
255 South Orange Avenue
Orlando, FL 32802

Patrick C. Barthet, Esq.
Patrick C. Barthet, P.A.
200 S. Biscayne Blvd.
Suite 1800
Miami, FL 33131

Bart A. Houston, Esq.
Adorno & Yoss
350 East Los Olas, #1700
Fort Lauderdale, FL 33301

John S. Schoene, Esq.
230 Lookout Place #200
Maitland, FL 32751

3