# Exhibit "C"

# MUTUAL GENERAL RELEASE

**THIS MUTUAL GENERAL RELEASE** (the or this "**Release**") is entered into and intended to be effective on the Effective Date (as defined below) by the undersigned, Community Health Solutions of America, LLC, a Florida limited liability company ("**Debtor**" or "**CHS**"); Larry S. Hyman, the Chapter 11 Trustee for the Debtor ("**Chapter 11 Trustee**"); Cadent Administrators, Inc., a Florida corporation ("**CAI**"); Cadent Underwriters, Inc., a Delaware corporation ("**CUI**"); BenComp National, Inc., a Florida corporation ("**BenComp**"); Gary Simmons individually and as shareholder of CAI, CUI and BenComp and unit holder and member of CHS (collectively, "**Simmons**"); Graeme Smith, individually and as shareholder of CUI and BenComp and unit holder and member of CHS (collectively, "**Smith**"); Peter Farrell (aka Ferrell), individually and as shareholder of CUI and BenComp and unit holder and member of CHS (collectively, "**Farrell**"); Joyce Dove individually and as shareholder of CAI and unit holder and member of CHS (collectively, "**Dove**"); John Steinkamp, individually and as shareholder of CAI and unit holder and member of CHS (collectively, "**Steinkamp**"); Mark Simmons, individually and as shareholder of CUI and unit holder and member of CHS (collectively, "**M. Simmons**"); Kendra Hubbard, individually and as shareholder of CUI and unit holder and member of CHS (collectively, "**Hubbard**"); Bobbie Freeman, individually and as unit holder and member of CHS (collectively, "**Freeman**"); Michael Masters, individually and as unit holder and member of CHS (collectively, "**Masters**"); Rick Dankworth, individually and as unit holder and member of CHS (collectively, "**Dankworth**"); Patty Dankworth, individually and as unit holder and member of CHS (collectively, "**P. Dankworth**"); Lori Bomar, individually and as unit holder and member of CHS (collectively, "**Bomar**"); Gloria Alexander, individually and as unit holder and member of CHS (collectively, "**Alexander**"); Gayle Demeter, individually and as unit holder and member of CHS (collectively, "**Demeter**"); Mirabilis Ventures, Inc., a Nevada corporation ("**Mirabilis**"); Common Paymaster Corporation, a Florida corporation ("**Paymaster**"); TenShi Enterprises, Inc., a Delaware corporation ("**TEI**"); TenShi Leasing, Inc., a Florida corporation ("**TLI**"), Presidion Solutions, Inc., a Florida corporation ("**Presidion**") and Frank Amodeo ("**Amodeo**") (each, a "**Party**," and collectively, the "**Parties**").

**WHEREAS**, the Chapter 11 Trustee, Mirabilis and Paymaster have jointly proposed a Plan of Reorganization for Community Health Solutions of America, LLC dated September 18, 2006 (the "**Plan**") for the resolution of the outstanding Claims (as defined in the Plan) and Interests (as defined in the Plan) of CHS; and

**WHEREAS**, among other things, the Plan also resolves certain substantive consolidation issues related to CHS, CAI, CUI, BenComp, and Community Health Solutions of America, Inc. whereby Mirabilis will fund the Plan and acquire 100% equity ownership interest in CHS; and

**WHEREAS**, the Parties have previously transacted business with one another and as a condition to confirmation of the Plan and the payment by Mirabilis of the New Capital (as defined in the Plan) and the Supplemental Funding (as defined in the Plan), the Chapter 11 Trustee, Mirabilis and Paymaster wish to settle and resolve all claims relating to the matters resolved under the Plan and to avoid all the concomitant expenses and uncertainties associated with the possible litigation of such claims; and

**WHEREAS**, in exchange for the consideration that Mirabilis will pay under the Plan and other consideration, including without limitation the mutual promises and exchanged releases between the Parties, the Parties agree and hereby transfer any and all of the Parties' respective equity interests set forth herein to Mirabilis simultaneously herewith; and

**WHEREAS**, the Parties desire to provide for a general release of events occurring prior to the Effective Date (as defined in the Plan);

**NOW, THEREFORE**, in consideration of the Parties execution of this Release, and for other good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties agree as follows:

1. The recitals set forth above are fully incorporated into and made a part of this Release.

2. Each Party, for himself, herself or itself and on behalf of their respective predecessors, successors, assigns, insurers, officers, directors, representatives, employees, agents, attorneys and anyone claiming any derivative rights thereunder do hereby release, acquit and forever discharge each other Party and his, hers or its respective predecessors, successors, assigns, insurers, officers, directors, representatives, employees, agents, attorneys and anyone claiming any derivative rights thereunder, jointly and severally, from any and all claims, counterclaims, demands, damages, debts, agreements, covenants, suits, contracts, obligations, accounts, offsets, rights, actions and causes of action, including, without limitation, for contribution, indemnity and liabilities of any kind or character whatsoever, whether arising at law or in equity (including without limitation, claims based in fraud, duress, mistake, tortious interference, usery, or control), whether presently possessed or possessed in the future, whether known or unknown, whether the liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, suspected or unsuspected, and whether or not heretofore asserted, for or because of or as a result of any act, omission, communication, transaction, occurrence, representation, promise, damage, breach of contract, fraud, of any tort, or any other matter whatsoever or thing done, omitted or suffered to be done by any of the other Parties, which has occurred in whole or in part, or was initiated at any time from the beginning of the world up to and immediately preceding the Effective Date (as defined in the Plan), including without limiting the generality of the foregoing language, all of the foregoing which the Party ever had, now has, or might hereafter have against the other Parties, for or by reason of any matter, claim, cause, or thing whatsoever relating in whole or in part, directly or indirectly to a) CHS, b) the conduct of CHS' business, c) the Chapter 11 case of *In re Community Health Solutions of America, LLC*, Case No 8:06-BK-01215-CPM, d) the Plan of Reorganization for CHS, e) all other business dealings between the Party and any one or more of the other Parties and f) any and all other matters whatsoever.

3. Notwithstanding the foregoing, and irrespective of any contrary provision of this Release, the release granted by the Chapter 11 Trustee and CHS to Parties set forth in paragraph 2 above and the release in favor of the Chapter 11 Trustee and CHS excludes attorneys as Parties who are released.

4. The Parties agree to take whatever actions and to execute and deliver any further documents or instruments that are reasonably necessary or desirable, or that may be reasonably requested by a Party from time to time, to effectuate the terms of this Release.

5. Each Party represents to the others that he, she or it has not assigned any right of action or right of title or interest concerning the matters hereby released to any person, corporation or other legal entity who might thereby claim against the other.

6. This Release shall be governed by, construed and enforced in accordance with the laws of the State of Florida in effect as of the date hereof, without reference to the choice of law provisions of any jurisdiction.

7. This Release may be executed in any number of counterparts and each will be considered an original, and together they will constitute one agreement. The exchange of copies of this agreement and of signature pages by facsimile transmission or electronic transmission shall constitute effective execution and delivery of this agreement as to the Parties and may be used in lieu of the original agreement for all purposes. Signatures of the Parties transmitted by facsimile or as an attachment to an electronic transmission shall be deemed to be their original signatures for all purposes.

8. None of the provisions of this Release shall constitute an admission or acknowledgment of liability of any type by any of the Parties.

9. No amendment, change or modification of this Release shall be valid, unless in writing and signed by all of the Parties hereto.

10. Each of the Parties and signatories to this Release represents and warrants that said Party has the full right, power, legal capacity and authority to enter into and perform the obligations set forth herein and that such obligations shall be binding upon each Party without the requirement of the approval or consent of any other person or entity in connection herewith, except as to the Chapter 11 Trustee and CHS whose execution of this Release requires the approval of the Bankruptcy Court (as defined in the Plan).

11. The Parties have each had the opportunity to obtain the advice of their own separate legal counsel before executing this Release.

[signatures to follow]

**IN WITNESS WHEREOF,** the Parties have executed this Mutual General Release to be effective as of the Effective Date (as defined in the Plan).

Community Health Solutions of America, LLC

By:_____

Its:_____

_____
Larry S. Hyman, Chapter 11 Trustee for
Community Health Solutions of America, LLC

Mirabilis Ventures, Inc.

By:_____

Its: _____

Common Paymaster Corporation

By:_____

Its: _____

TenShi Enterprises, Inc.

By:_____

Its: _____

Presidion Solutions, Inc.

By:_____

Its:_____

_____
Frank Amodeo

Cadent Administrators, Inc.

By:_____

Its: _____


Cadent Underwriters, Inc.


By:_____

Its: _____

BenComp National, Inc.


By:_____

Its: _____


_____

Gary Simmons


_____

Graeme Smith


_____

Peter Farrell


_____

Joyce Dove


_____

John Steinkamp


_____

Mark Simmons


_____

Kendra Hubbard


_____

Bobbie Freeman


_____

Michael Masters


_____

Rick Dankworth


_____

Patty Dankworth

_____

Lori Bomar


_____

Gloria Alexander


_____

Gayle Demeter

302604.3