IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

COMMUNITY HEALTH SOLUTIONS         Chapter 11
OF AMERICA, LLC,
                                   Case No.: 08:06-bk-01215-CPM
      Debtor.
_____/

AMENDED FIRST OMNIBUS OBJECTIONS TO CLAIMS OF
CERTAIN CREDITORS (AS LISTED ON ATTACHED EXHIBIT "A")

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this *Amended First Omnibus Objections to Claims of Certain Creditors* without further notice or hearing unless a party in interest files an objection within thirty (30) days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at United States Bankruptcy Court, 801 N. Florida Avenue, Tampa, FL 33602, and serve a copies on Thomas A. Lash, Esq., Saxon, Gilmore, Carraway, Gibbons, Lash & Wilcox, P.A., Fifth Third Plaza, 201 E. Kennedy Blvd., Ste. 600, Tampa, FL 33602 and Cheryl Thompson, Esq., Gray Robinson, P.A., 201 N. Franklin Street, Suite 2200, Tampa, Florida 33602.

If you file and serve an objection within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Pursuant to Bankruptcy Code §502 and Federal Rule of Bankruptcy Procedure 3007, and other applicable law, Larry S. Hyman, Chapter 11 Trustee (the "Trustee"), on behalf of Community Health Solutions of America, LLC (the "Debtor") and Mirabilis Ventures, Inc. ("Mirabilis") by and through their respective undersigned attorneys, hereby file this *Amended First Omnibus Objections to Claims of Certain Creditors (as Listed on Attached Exhibit "A")* and respectfully request that this honorable Court enter an order sustaining the Trustee's and Mirabilis' objections of (A) duplication;

(B) incorrect Debtor identification; (C) unsecured claim insufficient documentation; (D) late filing of claim; (E) priority claim difference in amount from Debtor's records; (F) unsecured claimant plan subordination; (G) unsecured claim amount difference from Debtor's records; (H) secured claim paid as priority; (I) incorrect scheduled claim; and, (J) adjustment to settled allowed claim amount, as to the creditors' claims as set forth on Exhibit "A" attached hereto (the "Disputed Claims"), and granting such other and further relief as this Court deems necessary and appropriate, and in support of this Amended First Omnibus Objection respectfully state:

### A.     Background Allegations

1. On March 24, 2006 (the "Petition Date"), the Debtor filed its voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). From that date to May 16, 2006, the Debtor operated its business and managed its property as debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2. On April 24, 2006, the Debtor filed its schedules, [Doc. No. 44], and statement of financial affairs, [Doc. No. 46]. Thereafter, on May 5, 2006, schedule F to Debtor's schedules was amended. [Doc. No. 54]. The Debtor's schedules, as amended (collectively, the "Schedules") list parties owed by the Debtor (the "Schedule Claims"), as reflected in the books and records of the Debtor as of the Petition Date.

3. The Court established a deadline for filing proofs of claims or interests ("Filed Claims") of June 5, 2006 for non-governmental units, (the "Claims Bar Date") and of September 20, 2006 for governmental units, (the "Governmental Unit Claims Bar Date"). [Doc. No. 39].

4. On May 16, 2006, the United States Trustee filed a "Motion to Appoint Trustee" (the "Trustee Motion"). [Doc No. 70].

5.  The Trustee Motion was granted on May 16, 2006, appointing Larry S. Hyman as the Chapter 11 Trustee. [Doc No. 72].

6.  On September 18, 2006, Trustee, Mirabilis and Common Paymaster Corporation, filed a joint disclosure statement [Doc. No. 148] and proposed plan [Doc. No. 149] with respect to Debtor.

7.  On September 19, 2006, the Court entered the *Order Conditionally Approving the Disclosure Statement and Fixing Deadlines*, (the "Disclosure Statement Order"). [Doc. No. 151].

8.  Pursuant to the Disclosure Statement Order, the Court established a deadline to object to the plan of October 6, 2006 and scheduled a confirmation hearing on the proposed plan for October 17, 2006 at 9:30 a.m.

9.  Pursuant to the terms of the proposed plan, the Trustee and Mirabilis are the appropriate parties to prosecute this *Amended First Omnibus Objections to Claims of Certain Creditors (as Listed on Attached Exhibit "A")*.

### B.    The Disputed Claim Categories

10. The Trustee and Mirabilis are in the process of comparing and reviewing the Scheduled Claims, the Filed claims, and the Debtor's books and records as they relate to certain claims. Based on this review, the Trustee and Mirabilis believe that the Disputed Claims are subject to objections which this Court should sustain, which are set forth in the objection categories on the attached Exhibit "A". Each of the grounds listed as a category for objections on the attached Exhibit "A" merits a sustained objection to the corresponding Disputed Claim as it is currently Filed or Scheduled.

11. (Category A Disputed Claims) Duplicate Claims. The Trustee and Mirabilis object to the Disputed Claims in this category because of the filing of duplicated claims by the claimholders.

The Trustee and Mirabilis request that this Court disallow these Disputed Claims in the Scheduled or Filed amounts and allow them in the amounts set forth in the "Allowed Claim Amount" column on the attached Exhibit "A".

12.     (Category B Disputed Claims) Incorrect Debtor Identification. The Trustee and Mirabilis object to the Disputed Claims in this category because the debt is not the debt of the Debtor, but the debt of some other obligor. The Trustee and Mirabilis request that this Court disallow these Disputed Claims in the Scheduled or Filed amounts and allow them in the amounts set forth in the "Allowed Claim Amount" column on the attached Exhibit "A".

13.     (Category C Disputed Claims) Unsecured Claim Insufficient Documentation. The Trustee and Mirabilis object to the Disputed Claims in this category because of insufficient, or non-existent, documentation supporting the amount of the claim made on the face of the claim. The Trustee and Mirabilis request that this Court disallow these Disputed Claims in the Scheduled or Filed amounts and allow them in the amounts set forth in the "Allowed Claim Amount" column on the attached Exhibit "A".

14.     (Category D Disputed Claims) Late Filed Claims. The Trustee and Mirabilis object to the Disputed Claims in this category because the Claims were filed after the Claims Bar Date or Governmental Unit Claims Bar Date. The Trustee and Mirabilis request that this Court disallow these Disputed Claims in the Scheduled or Filed amounts and allow them in the amounts set forth in the "Allowed Claim Amount" column on the attached Exhibit "A".

15.     (Category E Disputed Claims) Priority Claim Difference in Amount From Debtor's Records. The Trustee and Mirabilis object to the Disputed Claims in this category because the Debtor's records, as reflected on the Debtor's Schedules, are in a different amount owed from that of the filed priority proof of claim, or the Debtor has no record available to it indicating an amount is

owed. The Trustee and Mirabilis request that this Court disallow these Disputed Claims in the Scheduled or Filed amounts and allow them in the amounts set forth in the "Allowed Claim Amount" column on the attached Exhibit "A".

16. (Category F Disputed Claims) Plan Subordination. The Trustee and Mirabilis object to the Disputed Claims in this category as Claims which are subordinated to all the other creditors' claims in this case under the terms of the plan, with a payment of $0.00 pursuant to treatment under Class 7 Subordinated Claims at Section 6.4(a) of the plan. The Trustee and Mirabilis request that this Court disallow these Disputed Claims in the Scheduled or Filed amounts and allow them in the amounts set forth in the "Allowed Claim Amount" column on the attached Exhibit "A", but rule that these Disputed Claims are subordinated to all other claims, other than other subordinated claims.

17. (Category G Disputed Claims) Unsecured Claim Amount Different From Debtor's Records. The Trustee and Mirabilis object to the Disputed Claims in this category because the claim amount differs from the Debtor's records as reflected in the Debtor's Schedules. The Trustee and Mirabilis request that this Court disallow these Disputed Claims in the Scheduled or Filed amounts and allow them in the amounts set forth in the "Allowed Claim Amount" column on the attached Exhibit "A".

18. (Category H Disputed Claims) Incorrect Classification. The Trustee and Mirabilis object to the Disputed Claims in this category based upon the lack of a priority claim in the Debtor's records, as reflected by the Debtor's Schedules. The Trustee and Mirabilis request that this Court disallow these Disputed Claims in the Scheduled or Filed amounts and allow them in the amounts set forth in the "Allowed Claim Amount" column on the attached Exhibit "A", as unsecured claims.

19. (Category I Disputed Claims) <u>Incorrect Schedule Amount</u>. The Trustee and Mirabilis object to the Disputed Claims in this category based upon the incorrect amount of the Disputed Claims as scheduled or because the amount of the Disputed Claims have been credited based on payments or events which have transpired since the Petition Date. The Trustee and Mirabilis request that this Court disallow these Disputed Claims in the Scheduled or Filed amounts and allow them in the amounts set forth in the "Allowed Claim Amount" column on the attached <u>Exhibit "A"</u>.

20. (Category J Disputed Claims) <u>Adjustment to Settled Allowed Claim Amount</u>. The Trustee and Mirabilis object to the Disputed Claims in this category based upon the incorrect amount of the Disputed Claims as scheduled, based on settlements that have been reached with these Disputed Claim holders. The Trustee and Mirabilis request that this Court disallow these Disputed Claims in the Scheduled or Filed amounts and allow them in the amounts set forth in the "Allowed Claim Amount" column on the attached <u>Exhibit "A"</u>.

21. To the extent that future payments are made on any Disputed Claim set forth herein, the Trustee and Mirabilis reserve the right to further credit the corresponding amount in the "Allowed Claim Amount" column set forth on the attached <u>Exhibit "A"</u>.

22. To the extent any Disputed Claim amount is greater than the corresponding "Allowed Claim Amount" on the attached <u>Exhibit "A"</u> taken from Debtor's records, Trustee and Mirabilis object to the amount and request that this Court reduce the Disputed Claim to that amount.

23. The Trustee and Mirabilis expressly reserve and retain the right to further object to any Disputed Claim or any other claim asserted.

24. To the extent any other objections to any Scheduled or Filed Claims exists, the Trustee and Mirabilis reserve all rights to raise them and respectfully request that such other and

further objections be deemed to relate back to this Amended First Omnibus Objection as to filing timeliness.

WHEREFORE, the Trustee and Mirabilis respectfully request that this Court enter an order (1) granting the relief sought in this Amended First Omnibus Objection; (2) sustaining each of the objections set forth as to each specific claim in this Amended First Omnibus Objection as to the Disputed Claims set forth

on the attached Exhibit "A," as it has been Filed or Scheduled, on the grounds set forth herein; (3) authorizing the Trustee or Mirabilis to file such further objections to any Schedule or Filed Claims as they determine are necessary or appropriate, which objections shall date be deemed to relate back to the Amended First Omnibus Objection; and, (4) granting such other and further relief as this Court deems necessary and appropriate.

Dated: October 27, 2006.

Respectfully submitted,

| | |
|---|---|
| GRAY ROBINSON, P.A.<br>201 N. Franklin Street, Suite 2200<br>Tampa, Florida 33602<br>Telephone: (813) 273-5000<br>Facsimile: (813) 221-4113<br>E-Mail:<br>janthony@gray-robinson.com<br>cthompson@gray-robinson.com | SAXON, GILMORE, CARRWAY,<br>GIBBONS, LASH & WILCOX, P.A.<br>Fifth Third Plaza<br>201 E. Kennedy Boulevard, Suite 600<br>Tampa, Florida 33602<br>Phone: (813) 314-4500<br>Fax: (813) 314-4555<br>tlash@saxongilmore.com<br>dellis@saxongilmore.com |
| _____<br>JOHN A. ANTHONY, ESQ.<br>Florida Bar No.: 0731013<br>CHERYL THOMPSON, ESQ.<br>Florida Bar No.: 0970931<br>Counsel for Chapter 11 Trustee | /s/ Thomas A. Lash<br>THOMAS A. LASH, ESQ.<br>Florida Bar No.: 849944<br>DAMON M. ELLIS, ESQ.<br>Florida Bar No.: 0111864<br>Counsel for Mirabilis Ventures, Inc. |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 27, 2006, I presented *Amended First Omnibus Objections to Claims of Certain Creditors (As Listed on Attached Exhibit "A")* to the Clerk of the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, for filing and uploading to the CM/ECF system. I further certify that a copy of the foregoing has been furnished via regular U.S. Mail to all parties on the attached mailing matrix this 27th day of October, 2006.

/s/ Thomas A. Lash
ATTORNEY

e:\mirabilis ventures\cadent matters\chs\pldg\drafts\omnibus claims objection(rev)4.doc
10/26/06