# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

IN RE:

COMMUNITY HEALTH SOLUTIONS
OF AMERICA, LLC,
                                         /

CASE NO. 8:06-bk-01215-CPM
CHAPTER 11

## MOTION TO STRIKE REMARKS
## MADE AT CONCLUSION OF CONFIRMATION HEARING

Larry S. Hyman, Chapter 11 Trustee (the "Trustee") on behalf of Community Health Solutions of America, LLC (the "Debtor"), by and through his undersigned attorneys, hereby moves on the following grounds for the order of this Court striking the remarks made at the conclusion of the confirmation hearing conducted on October 17, 2006, and states as follows:

### A. Background Allegations

1. On March 24, 2006 (the "Petition Date"), the Debtor filed its voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. From that date to May 16, 2006, the Debtor operated its business and managed its property as debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

3. On May 16, 2006, the United States Trustee filed a "Motion to Appoint Trustee" (the "Trustee Motion") that contained allegations of wrongdoing (the "Allegations") on the part of Mirabilis Ventures, Inc. ("Mirabilis") and Frank L. Amodeo ("Amodeo") in conjunction with the Debtor (Docket No. 70).

4. The Trustee Motion was granted with the consent of Mirabilis on May 16, 2006, and constitutes a final, non-appealable order (Docket No. 72).

5. On May 16, 2006, the Court appointed the Trustee as Chapter 11 Trustee (Docket No. 73).

### B. Specific Allegations Related to the Relief Requested

6. During the pendency of the Bankruptcy Case, the Trustee and his counsel conducted an extensive investigation of potential claims that could be asserted against Mirabilis, Amodeo, Common Paymaster Corporation and others (the "Mirabilis Parties") and the factual predicate for same (the "Trustee Investigation").

7. Based upon information obtained during the Trustee Investigation, the Trustee filed two adversary proceedings, one directed at some of the Mirabilis Parties, styled as <u>Larry S. Hyman, Chapter 11 Trustee of the Estate of Community Health Solutions of America, LLC, a Florida limited liability company, and on behalf of Cadent Underwriters, Inc., a Delaware corporation vs Mirabilis Ventures, Inc., a Nevada corporation, and Common Paymaster Corporation, a Florida Corporation, Adv. Proc. No. 8:06-ap-00328-CPM</u>, and one to substantively consolidate the Debtor with a number of its affiliates, styled as <u>Larry S. Hyman, Chapter 11 Trustee of the Estate of Community Health Solution of America and Cadent Underwriters, LLC v. Cadent Underwriters, Inc. Cadent Administrators, Inc. Adv. Pro. No. 8:06-ap-00246-CPM</u> (collectively, the "Asserted Claims").

8. In addition, following the Trustee Investigation, the Trustee and his counsel drafted a nine count complaint seeking relief against the Mirabilis Parties, including Amodeo, a portion of which was founded on the Allegations, that was circulated to one or more of the Mirabilis Parties but never filed with the Court for the reasons set forth below (the "Unasserted Claims"). The Asserted and Unasserted Claims are collectively referred to as the "Trustee Claims."

9. The Mirabilis parties contested the Trustee Claims (the "Mirabilis Defenses") and Mirabilis engaged Oscher Consulting, P.A. to perform services relating to the Mirabilis defenses to the Trustee Claims. The resulting report was ultimately filed with the Court on August 24, 2006 (the "Report")(Docket No. 139).

10. In response to the filing of the Report, the Trustee filed a motion to strike the Report as having been filed in violation of F.R.B.P. 7005, incorporating Fed. R. Civ. P. 52, and generally

enumerated issues with the adequacy and validity of the Report (the "Strike Motion")(Docket No. 140). The Trustee also expressed a concern that the manner and timing of the filing of the Report, without an opportunity to cross-examine, rebut or contravene the conclusions adduced in the Report, was misleading and might unfairly prejudice the disposition of the Trustee Claims and the Mirabilis Defenses.

11. Ultimately, the Trustee and the Mirabilis Parties independently recognized that cooperation in formulating a consensual plan that would provide an immediate and meaningful distribution to the Debtor's creditors, and settlement of the Trustee Claims would benefit the estate and provide an better opportunity to reorganize the Debtor than litigating the Trustee Claims and the Mirabilis Defenses.

12. Accordingly, the Trustee and the Mirabilis Parties worked cooperatively and diligently on a disclosure statement (the "Disclosure Statement") that fairly presented their respective opposing positions without compromising the tenuous and hard fought alliance that had been formed between them (Doc. No. 148).

13. The Disclosure Statement contains numerous disclosures regarding the respective positions of the parties on the Trustee Claims and the Mirabilis Defenses and was carefully drafted so as to create no inference on either side as to the relative merits of either, such that any reader would clearly understand that the proposed plan (the "Plan") represented a settlement and compromise of the Trustee Claims and the Mirabilis Defenses and was not an admission by any party or disposition on the merits.

14. The discussion in the Disclosure Statement about the various alternatives to the Plan and the liquidation analysis attached to the Disclosure Statement was also carefully calculated to illustrate both sides' opinions as to the liquidation analysis relative to the Trustee Claims. The Trustee believed that significant recoveries could be obtained if the Trustee Claims were prosecuted, but that the time, expense and uncertainty of litigating those claims through collection militated in favor of the Plan being proposed.

15. On October 17, 2006, the Court conducted a combined hearing of the Disclosure Statement and the Plan.

16. At the conclusion of the Confirmation Hearing, the Court approved the Disclosure Statement and confirmed the Plan.

17. At the very end of the Confirmation Hearing, the Court made unsolicited remarks concerning Amodeo, concluding with "… it seems to me some apologies are owed to [Amodeo] . . . . [but] I'm not saying that I am the one that owes him the apology" (the "Remarks"), the timing of which precluded a response from any party (Transcript, p 29, lines 3-15).

18. The Remarks, although troubling to the Trustee and his counsel, appeared to be in the nature of musings of the Court not based upon any findings of fact and conclusions of law as to the merits of the Trustee Claims and the Miribilis Defenses and therefore innocuous.

19. On November 23, 2006, however, the Remarks were prominently featured in an article that appeared in the St. Petersburg Times that contained quotes from a Mirabilis officer construing and quoting the Remarks as indicative of Amodeo having been "cleared" of all wrongdoing related to the Debtor (the "Newspaper Article"). A copy of the Newspaper Article is attached hereto as Exhibit "A" and incorporated by reference.

20. F.R.B.P. 7012(f), incorporating Fed.R.Civ.P. 712(f), allows the Court to strike pleadings or portions of pleadings that contain "redundant, immaterial, impertinent, or scandalous matter."

21. The Remarks, particularly in the context and timing in which they were made, are susceptible to be used in a manner that is "scandalous, or impertinent" to allocate blame and fault between the Mirabilis Parties and/or Amodeo and the Trustee and/or others in a manner that is inconsistent with the record, particularly the agreement of the Trustee and the Mirabilis Parties, as memorialized in the Disclosure Statement and Plan and incorporated into the Confirmation Order. To the extent the Remarks are incorporated or re-incorporated into published or court documents or used in other contexts, it will become progressively more difficult for the reader to fairly and meaningfully evaluate the Remarks,

thereby creating an environment ripe for resulting prejudice and harm, regardless of the possibly benign motives of all parties concerned.

22. Accordingly, the Remarks should be stricken and excised from the record in this Bankruptcy Case in a manner that precludes the continued replication, distortion and use of the Remarks in a way that is inimical and/or prejudicial to the interests of the Court, this Bankruptcy Case, the relevant parties and/or their counsel.

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

a. granting this motion;

b. striking the Remarks;

c. excising the Remarks by interlineating the Transcript to line through the Remarks;

d. directing the Court Reporter to prepare an amended transcript that deletes the Remarks to be filed with a copy of the Court's order; and

e. such other relief as is appropriate in the circumstances.

/s/ Cheryl Thompson
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number: 0731013
**CHERYL THOMPSON, ESQUIRE**
Florida Bar Number: 0970931
GRAYROBINSON, P.A.
201 N. Franklin Street, Suite 2200
Tampa, FL 33602
Telephone No.: (813) 273-5066
Facsimile No.: (813) 273-5145
Attorneys for Larry S. Hyman
Chapter 11 Trustee

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing "Motion to Strike Remarks Made at Conclusion of Confirmation Hearing" has been furnished electronically on this 18th day of December and/or by first class U.S. Mail on the 19th day of December, 2006, to:

| | |
|---|---|
| Community Health Solutions of America, LLC<br>17755 U.S. Highway 19 North<br>Suite 400<br>Clearwater, Florida 33764 | Damon M. Ellis, Esquire<br>Thomas A. Lash, Esquire<br>Saxon Gilmore, Carraway<br>Gibbons, Lash & Wilcox, P.A.<br>Fifth Third Center<br>201 East Kennedy Blvd., Suite 600<br>Tampa, Florida 33602 |
| Theresa M. Boatner<br>Office of the United States Trustee<br>501 East Polk Street, Suite 1200<br>Tampa, Florida 33602 | Denise E. Barnett<br>Office of the United States Trustee<br>501 East Polk Street, Suite 1200<br>Tampa, FL 33602 |
| Larry S. Hyman<br>Larry S. Hyman, C.P.A.<br>PO Box 18614<br>Tampa, Florida 33679 | Mark J. Bernet, Esquire<br>Buchanan Ingersoll, P.C.<br>401 E. Jackson Street, Suite 2500<br>Tampa, Florida 33602 |

/s/ Cheryl Thompson
**ATTORNEY**