UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

                                       Chapter 11

COMMUNITY HEALTH SOLUTIONS          Case No. 8:06-BK-01215-CPM
OF AMERICA, LLC,

         Debtor.

_____/

## RESPONSE IN OPPOSITION TO MOTION TO COMPEL
## PRODUCTION OF TAX RETURNS AND TRANSCRIPTS

Community Health Solutions of America, LLC, the reorganized debtor (the
"**Reorganized Debtor**") pursuant to the confirmed Plan of Reorganization for Community
Health Solutions of America, LLC (the "**Plan**"), by and through undersigned counsel, files this
response in opposition to the Motion To Compel Production of Tax Returns and Transcripts
(Dkt. 315) (the "**Motion**") filed by Larry S. Hyman, formerly the Chapter 11 Trustee and now
the disbursing agent ("**Hyman**").

Continuing the pattern in other pleadings filed by counsel for Hyman in this case, albeit
in other capacities, the Motion makes numerous reckless allegations that are materially
misleading, patently false or simply untrue.  In the past, the Reorganized Debtor has not
addressed similar allegations because they were irrelevant to the absence of merit of the matter
before the Court and the relief requested could be denied on the plain merits.  This pattern,
however, must cease.  This response will not only directly rebut the materially misleading,
patently false and simply untrue allegations, but also articulate the plain simple reasons why the
Motion should be denied.

The Motion seeks to compel the Reorganized Debtor (and/or Common Paymaster Corporation ("**CPC**"))[1] to produce "copies of all tax returns, including any corrected returns, which have been filed with the IRS for the fourth quarter of the year 2005 and for all of the year 2006 . . . including the tax transcripts from the IRS evidencing the filing of the same, or authority to obtain said tax transcripts." Motion at ¶8. This Motion, like other pleadings filed in this case, was entirely improper and should be denied. There is no outstanding discovery that the Reorganized Debtor has failed to answer that would necessitate a motion to compel at this time. But, even if there was, the Reorganized Debtor could not be compelled to produce documents, such as the IRS tax transcripts, that it did not even have in its possession. Moreover, the Reorganized Debtor had no authority or ability to even obtain the requested tax transcripts from the IRS as those documents are only obtainable by someone with authority to act for CPC.

Notwithstanding the foregoing, the Reorganized Debtor has continually attempted to assist with Hyman's informal requests and respectfully submits that the Motion should be denied because Hyman, although he has no entitlement to the Form 941s prepared and filed by CPC, **received copies on February 19, 2007** and now has also received copies of the tax transcripts that CPC recently obtained from the Internal Revenue Service ("**IRS**"). A copy of the transmittal of the Form 941s and the attachments is attached hereto as Composite Exhibit "A." A copy of the transmittal of the transcripts is attached hereto as Composite Exhibit "B."

<u>**RESPONSE**</u>

1.      On March 24, 2006 (the "**Petition Date**"), Community Health Solutions of America, LLC (the "**Debtor**") filed for relief under Chapter 11 of the Bankruptcy Code.

---

[1]      While the introduction paragraph of the Motion is addressed solely at the Reorganized Debtor, the relief requested at the very end of the Motion asks for an order compelling the Reorganized Debtor "and/or" CPC.

2.      Beginning in the fall of 2005, Community Health Solutions of America, LLC (the "**Debtor**"), Cadent Administrators, Inc. ("**CAI**"), Cadent Underwriters, Inc. ("**CUI**"), and BenComp National, Inc. (all previously affiliated) became related corporations with Mirabilis Ventures, Inc. ("**Mirabilis**") and agreed to designate CPC, a subsidiary of Mirabilis, for all payroll processing of all employees.  Thereafter, CPC kept the payroll books and records on the employees, paid the employees, filed the Form 941s, and paid the taxes to the IRS.  CPC also issued its own W-2 to the employees.  CPC issued invoices to CAI or CUI subsequent to September of 2005 and throughout 2006.  CPC never issued an invoice to the Debtor.  However, an internal accounting procedure allocated employee expenses among the Debtor, CAI and CUI, and the Debtor transmitted its share of the expenses to CPC.

3.      As the common paymaster for related corporations in 2006, CPC administered the payroll for 794 employees in the 1st Quarter, 1074 employees in the 2nd Quarter, 1037 employees in the 3rd Quarter and 1252 employees in the 4th Quarter, and its Form 941s for those Quarters reflect its employment of all of those individuals.  In contrast, the Debtor used the services of fewer than 68 individuals during 2006, which number continually declined to only 32 individuals by the end of the year.

4.      On May 16, 2006, the Court entered its Order appointing Larry S. Hyman as the Chapter 11 Trustee (the "**Chapter 11 Trustee**") in this case.

5.      During the time of his service as Chapter 11 Trustee, Larry S. Hyman did not alter or change the employment status of any employee of CPC providing services to the Debtor.

6.      On October 25, 2006, this Court entered an order (Dkt. 188) (the "**Confirmation Order**") confirming the Plan, which had been jointly proposed by the Chapter 11 Trustee, CPC

and Mirabilis Ventures, Inc. ("**Mirabilis**").  The Effective Date of the Plan was November 10, 2006 (Dkt. 207).

7.      The Plan and Disclosure Statement were filed on September 19, 2006. The Affidavit of Larry S. Hyman in Support of Confirmation of Plan of Reorganization for Community Health Solutions of America, LLC (the "**Affidavit**") was filed on October 13, 2006 (Dkt. 176). The confirmation hearing was conducted on October 17, 2006. The transcript containing the proffers made at the confirmation hearing (the "**Proffers**") has been filed. (Dkt. 216).

8.      Neither the Plan, Disclosure Statement, Affidavit nor Proffers contain any representation to the Court that the Plan Proponents "were not aware of any current tax obligation that is outstanding to any taxing authority, other than in the ordinary course of operation of the Debtor's business."[2]  Motion at ¶4.

Instead, the Plan and the Disclosure Statement both contain the same statement made jointly by the Plan Proponents:

> The Plan Proponents have investigated the facts and circumstances of the Debtor, and are not aware of any tax obligation [that] is outstanding to any taxing authority **at this time** [September 19, 2006], except in the ordinary course of operation of the Debtor's business. (emphasis added).

Plan at Art. 8.3; Disclosure Statement at Art. 3.8 (c).

9.      The Chapter 11 Trustee and his counsel were discharged from any obligation or responsibility to or for the benefit of the Estate on the Effective Date.  Plan at Art. 7.17.  As the

---

[2]     It should be noted that had such a representation been made to the Court in the Plan, Disclosure Statement, Affidavit, or the Proffers, or at any time during the Reorganization Case, the Reorganized Debtor believes that such a representation would be absolutely true.  The Reorganized Debtor remains unaware of any tax obligation of the Debtor that is not current.  Certainly, no claim for any tax obligation has been filed that has not been addressed (although the Disbursing Agent has failed to pay the Allowed Claims of taxing authorities).

Effective Date has occurred, Hyman, as the former Chapter 11 Trustee, no longer has any duties or responsibilities with respect to the estate.

10.     The only role that Hyman currently has is that of the Disbursing Agent. Under the Plan, the Disbursing Agent is to "make all distributions required under this Plan." Plan at Art. 7.2(a). Distributions shall be made on the Distribution Date, unless otherwise provided in the Plan or as ordered by the court. Plan at Art. 7.2(b). The Distribution Date with respect to an Allowed Claim "means the date, as determined by the Disbursing Agent, that is as soon as reasonably practicable after the later of: (a) the Effective Date or (b) the first (1st) Business Day after the date upon which the Claim becomes Allowed." Plan at Art. 1.31.

11.     The Disbursing Agent has no duty, fiduciary or otherwise, other than to (a) hold the New Capital and Supplemental Funding, (b) make timely distributions to holders of Allowed Claims under the Plan and (c) distribute the remaining balance after Allowed Claims have been paid in full to the Reorganized Debtor.[3] The Disbursing Agent is not authorized to investigate anything, much less the status of the Debtor's tax obligations to the Internal Revenue Service.

12.     As confirmed by the Form 941s in his possession as of February 19, 2007, any possible employee withholding taxes related to the individuals who performed services for the Debtor were reported by CPC. The tax obligations of CPC for such employees during the Reorganization Case were unquestionably paid to the IRS. Proof of the payments made by CPC was provided to Hyman on April 4, 2007.

---

[3]     The Disbursing Agent was authorized to be active in the claims objection process with Mirabilis. An Omnibus Objection was jointly filed by Mirabilis and the Chapter 11 Trustee, but the Disbursing Agent was never a party in the claims objections.

13.     The only claim asserted by the IRS against the Debtor is filed Claim No. 37 in the amount of $13,883.03.  Claim 37 is an Allowed Claim that the Reorganized Debtor has moved this Court to compel the Disbursing Agent to pay immediately and without further delay.

14.     Paragraph 9 of the Motion asserts that the Reorganized Debtor agreed to produce all of the documents requested by Hyman "to avoid a court ordered 2004 examination."  This is simply untrue.  A review of the transcript shows that the Court suggested it had authority to order a post-confirmation 2004 examination to get audit records (4/5/07 Transcript page 29, lines 21 to 24) **after** the Reorganized Debtor, through its counsel, had already advised the Court that he "will work with Miss Thompson to try to get [a power of attorney for the IRS].  Mr. Bernet felt like we ought to be able to accomplish that if given a little bit of time." (4/5/07 Transcript page 29, lines 18 to 20).

15.     Finally, Paragraph 10 of the Motion alleges that none of the documents requested by Hyman have been produced.  This statement is also patently false.  Composite Exhibit A confirms that Hyman has had the subject Form 941s since February 19, 2007.  These returns, as well as filed Form 940s for the Debtor, were again provided to Hyman on April 4, 2007.  Moreover, as Composite Exhibit B confirms, obtaining the IRS transcripts added nothing to the information regarding the status of the CPC tax return filings as the IRS indicates that it is still processing the returns.

16.     Because the relief requested by the Motion was unnecessary, the Court should deny the Motion.

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter an order denying the Motion and for such further relief as is just and proper.

Dated: Tampa, Florida
     April 23, 2007

/s/ Jeffrey W. Warren
Jeffrey W. Warren, Esq.
Florida Bar No. 150024
jwarren@bushross.com
Andrew T. Jenkins, Esq.
Florida Bar No. 0527106
ajenkins@bushross.com
Bush Ross, P.A.
P.O. Box 3913
Tampa, Florida 33601-3913
(813) 224-9255
(813) 223-9620 (telecopy)
Counsel for Community Health
Solutions of America, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2007, I electronically filed a true and correct copy of the foregoing Response In Opposition to Motion to Compel Production of Tax Returns and Transcripts with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system, and I furnished a copy of the foregoing document to the following parties in the manner of service indicated below:


                                          /s/ Jeffrey W. Warren
                                              ATTORNEY


Via the CM/ECF system which will send a Notice of Electronic Filing to:
Thomas A. Lash, Esquire
Damon M. Ellis, Esquire
Cheryl Thompson, Esquire
Denise E. Barnett, Trustee
Theresa M. Boatner, Trustee
Jeffery W. Warren, Esquire
Larry S. Hyman
Scott R. Lilly, Esquire
Stephanie M. Biernacki, Esquire
Larry M. Foyle, Esquire
Brad W. Hissing, Esquire
Sarah Richardson, Esquire
Pinellas County Tax Collector


      .

427876.02